# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GLASSCO FAIRROW,

                Petitioner,     :     Case No. 3:18-cv-232

   - vs -                            District Judge Thomas M. Rose
                                      Magistrate Judge Michael R. Merz

SHELBY SMITH, Warden,
  Correctional Reception Center,

                                 :

                Respondent.

# REPORT AND RECOMMENDATIONS

Petitioner Glassco Fairrow brings this habeas corpus case *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction in the Common Pleas Court of Montgomery County. Petitioner pleads two grounds for relief:

> **Ground One:** The state decision was contrary to clearly established federal law, as announced in a U.S. Supreme Court ruling and the state decision was based on a reading of the facts that was "objectively unreasonable."
>
> **Supporting Facts:** The conviction of Petitioner was based on misleading and insufficient testimony by an expert witness who was unqualified to give an expert opinion outside his field. This was allowed by the court and was improperly allowed because it lead [sic] the jury to draw conclusions on the erroneous contentions interposed by an unqualified expert. Dr. Byrd's testimony supports this in part by stating he was <u>not</u> an expert in seizures and gave a layman's opinion about the subject. He further stated his field of expertise was psycology [sic] and neuopsycology [sic], which Dr. Byrd described as the study of human behavior, normal and abnormal.
>
> **Ground Two:** The [sic] was insufficient evidence presented at trial to support the convictions.

1

**Supporting Facts:** Due process rights violated because it was constitutionally insufficient to support convictions.

(Petition, ECF No. 1, PageID 5, 7).

Rule 4 of the Rules Governing § 2254 Cases requires initial review of habeas corpus cases before the State is required to answer and provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Petitioner's two grounds for relief are analyzed below under this standard.

**Ground One: Admission of Testimony by an Unqualified Expert**

In his First Ground for Relief, Petitioner asserts that he was convicted in part on the basis of the testimony of an unqualified expert, Dr. Byrd, who was presented by the State to rebut Fairrow's claim that he was not guilty by reason of insanity.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights

claim he could not raise in state court because of procedural default. *Engle v. Isaac*, 456 U.S. 107, 110 (1982); *Wainwright v. Sykes*, 433 U.S. 72 (1977). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87; *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000) (citation omitted). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

This claim that Dr. Byrd was not a qualified witness on the subject of Petitioner's sanity is plainly an issue which could and should have been raised on direct appeal. However, it was not among the assignments of error that Fairrow raised in the Second District Court of Appeals. See *State v. Fairrow*, 2nd Dist. Montgomery Case No. 26936, 2017-Ohio-220 (Jan. 20, 2017), appellate jurisdiction declined, 149 Ohio St. 3d 1434 (2017).

Because Fairrow did not raise his claim that Dr. Byrd was an unqualified witness when he had the opportunity to do so on appeal, he has procedurally defaulted that claim, and it should be dismissed.

**Ground Two: Insufficiency of the Evidence**

In his Second Ground for Relief, Petitioner asserts the State presented insufficient evidence to convict him of the offenses with which he was charged.

An allegation that a verdict was entered upon insufficient evidence states a claim under the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *Jackson v. Virginia,* 443 U.S. 307 (1979); *In re Winship*, 397 U.S. 358 (1970); *Johnson v. Coyle*, 200 F.3d

3

987, 991 (6th Cir. 2000); *Bagby v. Sowders*, 894 F.2d 792, 794 (6th Cir. 1990) (e*n banc*). In order for a conviction to be constitutionally sound, every element of the crime must be proved beyond a reasonable doubt. *In re Winship*, 397 U.S. at 364.

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . . This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Jackson*, 443 U.S. at 319; *U.S. v. Paige,* 470 F.3d 603, 608 (6th Cir. 2006); *U.S. v. Somerset*, No. 3:03-po-002, 2007 U.S. Dist. LEXIS 76699 (S.D. Ohio Oct. 12, 2007 (Rice, J.)). This rule was recognized in Ohio law at *State v. Jenks*, 61 Ohio St. 3d 259 (1991). Of course, it is state law which determines the elements of offenses; but once the state has adopted the elements, it must then prove each of them beyond a reasonable doubt. *In re Winship, supra.* A sufficiency challenge should be assessed against the elements of the crime, not against the elements set forth in an erroneous jury instruction. *Musacchio v. United States*, 577 U.S. ----, 136 S. Ct. 709, 193 L. Ed. 2d 639 (2016).

In cases such as Petitioner's challenging the sufficiency of the evidence and filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. No 104-132, 110 Stat. 1214) (the "AEDPA"), two levels of deference to state decisions are required:

> In an appeal from a denial of habeas relief, in which a petitioner challenges the constitutional sufficiency of the evidence used to convict him, we are thus bound by two layers of deference to groups who might view facts differently than we would. First, as in all sufficiency-of-the-evidence challenges, we must determine whether, viewing the trial testimony and exhibits in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). In doing so, we do not reweigh the evidence, re-

> evaluate the credibility of witnesses, or substitute our judgment for that of the jury. See *United States v. Hilliard*, 11 F.3d 618, 620 (6th Cir. 1993). Thus, even though we might have not voted to convict a defendant had we participated in jury deliberations, we must uphold the jury verdict if any rational trier of fact could have found the defendant guilty after resolving all disputes in favor of the prosecution. Second, even were we to conclude that a rational trier of fact could not have found a petitioner guilty beyond a reasonable doubt, on habeas review, we must still defer to the state appellate court's sufficiency determination as long as it is not unreasonable. See 28 U.S.C. § 2254(d)(2).

*Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). In a sufficiency of the evidence habeas corpus case, deference should be given to the trier-of-fact's verdict under *Jackson*, and then to the appellate court's consideration of that verdict, as commanded by AEDPA. *Tucker v. Palmer*, 541 F.3d 652 (6th Cir. 2008); *accord Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*); *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (*en banc*);. Notably, "a court may sustain a conviction based upon nothing more than circumstantial evidence." *Stewart v. Wolfenbarger,* 595 F.3d 647, 656 (6th Cir. 2010).

> We have made clear that *Jackson* claims face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference. First, on direct appeal, "it is the responsibility of the jury -- not the court -- to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." *Cavazos v. Smith*, 565 U.S. 1, 2, 132 S. Ct. 2, 181 L. Ed. 2d 311, 313 (2011) (*per curiam*). And second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Ibid*. (quoting *Renico v. Lett*, 559 U.S. 766, 773, 130 S. Ct. 1855, 176 L. Ed. 2d 678 (2010)).

*Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (*per curiam*); *Parker v. Matthews*, 567 U.S. at 43.

Ground Two was presented to the Second District as an assignment of error and decided

by that court as follows:

> The present appeal stems from an August 5, 2014 assault on a woman near Helke Park in Vandalia. The victim, Megan Finkelstein, had finished jogging shortly after 7:00 a.m. when she noticed Fairrow standing nearby. According to Finkelstein, Fairrow asked her to come over and talk to him. She declined. As Finkelstein proceeded to walk toward her car, she noticed Fairrow approaching her. Finkelstein began to run and scream, but Fairrow caught her. She testified that he grabbed her from behind, pulled her to the ground, and began choking her with both hands. Three nearby residents heard the commotion and assisted her. Two of them, Russell Wimmer and Jeffrey Snyder, pulled Fairrow off of Finkelstein, who was "turning blue" from being strangled. The third neighbor, Ralph Arnett, helped detain Fairrow until police arrived. All of the men who assisted Finkelstein sustained minor injuries. Fairrow proceeded to struggle with two police officers, resulting in one of them using a taser to subdue and arrest him.
>
> At trial, Fairrow did not dispute the foregoing facts. The defense argued that he was not guilty by reason of insanity (NGRI).
>
> * * *
>
> In his second assignment of error, Fairrow challenges the legal sufficiency of the evidence to sustain his convictions. His entire substantive argument in support is as follows:
>
>> In the current case there was not sufficient evidence to support that Mr. Fairrow "knowingly" committed these crimes that he was convicted of in 2014 CR 1142 [sic]. There was insufficient evidence presented by the State to sustain Fairrow's convictions in 2014 CR 1142 [sic]. Mr. Fairrow had expert witnesses testify to his mental state at the time and believed that he was unable to recognize what he was doing. Mr. Fairrow was able to prove that at the time of his crime he was not guilty by reason of insanity. Therefore, those convictions must be reversed.
>
> (Appellant's brief at 10).
>
> When a defendant challenges the sufficiency of the evidence, he is arguing that the State presented inadequate evidence on an element of the offense to sustain the verdict as a matter of law. *State v. Hawn*, 138 Ohio App.3d 449, 471, 741 N.E.2d 594 (2d Dist.2000). "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence

6

> admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt" *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.
>
> With the foregoing standards in mind, we conclude that Fairrow's convictions are supported by legally sufficient evidence. As a threshold matter, we question whether he can raise the merits of his NGRI defense in the context of a legal-sufficiency challenge. "The defendant's sanity is not an element" of a criminal offense. *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, 840 N.E.2d 1032, ¶ 35. Therefore, the State need not prove "that the defendant was sane. To the contrary, insanity is an affirmative defense." *Id*. The due-process-based "sufficient evidence" standard does not implicate affirmative defenses. *Id*. at ¶ 37. Although Fairrow's brief mentions the "knowingly" mens rea, his argument is grounded in his NGRI defense.
>
> In any event, we find legally sufficient evidence even if we consider the expert testimony upon which Fairrow relies. He presented expert testimony that, when he attacked Finkelstein, he was suffering from a mental disease, namely a postictal episode, that made him unable to know the wrongfulness of his actions. In response, the State presented expert testimony that Fairrow probably was not suffering from a mental disease or defect when he attacked Finkelstein and that he likely knew the wrongfulness of his actions. The opposing experts provided reasons for reaching the conclusions they did. Viewing the evidence in a light most favorable to the prosecution, the jury reasonably could have found the essential elements of the crimes proven beyond a reasonable doubt and reasonably could have rejected Fairrow's NGRI defense. Accordingly, the second assignment of error is overruled.

*State v. Fairrow, supra*.

The Second District's decision on the sufficiency of the evidence claim is an objectively reasonable application of *Jackson v. Virginia*. There was eyewitness testimony from disinterested witnesses to each the elements needed for conviction on the charged offenses.

As Judge Hall pointed out, NGRI is an affirmative defense – the State was not required to

7

prove that Fairrow was sane. Instead, the burden of proof was on him on the NGRI defense. It certainly cannot be said that on the evidence presented, no rational juror could have concluded he was sane.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

July 12, 2018.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. . Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).