# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

GLASSCO FAIRROW,

          Petitioner,       :      Case No. 3:18-cv-232

  - vs -                           District Judge Thomas M. Rose
                                    Magistrate Judge Michael R. Merz

SHELBY SMITH, Warden,
  Correctional Reception Center,

                            :

          Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court on Petitioner Glassco Fairrow's Objections (ECF No. 6) to the Magistrate Judge's Report and Recommendations recommending this case be dismissed (ECF No. 2). Judge Rose has recommitted the matter for reconsideration in light of the Objections (ECF No. 7).

Petitioner pleads two grounds for relief:

> **Ground One:** The state decision was contrary to clearly established federal law, as announced in a U.S. Supreme Court ruling and the state decision was based on a reading of the facts that was "objectively unreasonable."
>
> **Supporting Facts:** The conviction of Petitioner was based on misleading and insufficient testimony by an expert witness who was unqualified to give an expert opinion outside his field. This was allowed by the court and was improperly allowed because it lead [sic] the jury to draw conclusions on the erroneous contentions interposed by an unqualified expert. Dr. Byrd's testimony supports this in part by stating he was <u>not</u> an expert in seizures and gave a layman's opinion about the subject. He further stated his field of expertise was psycology [sic] and neuopsycology [sic], which Dr.

1

> Byrd described as the study of human behavior, normal and abnormal.
>
> **Ground Two:** The [sic] was insufficient evidence presented at trial to support the convictions.
>
> **Supporting Facts:** Due process rights violated because it was constitutionally insufficient to support convictions.

(Petition, ECF No. 1, PageID 5, 7.)

**Ground One: Admission of Testimony by an Unqualified Expert**

In his First Ground for Relief, Petitioner asserts that he was convicted in part on the basis of the testimony of an unqualified expert, Dr. Byrd, who was presented by the State to rebut Fairrow's claim that he was not guilty by reason of insanity.

This claim that Dr. Byrd was not a qualified witness on the subject of Petitioner's sanity is plainly an issue which could and should have been raised on direct appeal. However, it was not among the assignments of error that Fairrow raised in the Second District Court of Appeals. See *State v. Fairrow*, 2nd Dist. Montgomery Cty. Case No. 26936, 2017-Ohio-220 (Jan. 20, 2017), appellate jurisdiction declined, 149 Ohio St. 3d 1434 (2017). The Report accordingly recommended Ground One be dismissed as procedurally defaulted because it had not been raised on direct appeal (Report, ECF No. 2, PageID 20).

Petitioner admits this claim was procedurally defaulted because it was not raised on direct appeal (Objections, ECF No. 6, PageID 32). He argues, however, that he can show cause and prejudice to excuse this default, to wit, that his appellate attorney provided ineffective assistance of appellate counsel in not raising it as error on direct appeal. *Id.* at PageID 32-33.

2

While it is true that ineffective assistance of appellate counsel can provide excusing cause for a procedural default on direct appeal, provided it is prejudicial to a defendant, that same claim of ineffective assistance of appellate counsel must first be presented to the state courts in the mode required by state law. If it has not been, the ineffective assistance of appellate counsel claim itself is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446 (2000). Under Ohio law a claim of ineffective assistance of appellate counsel must be presented to the appellate court that heard the case by was of an application for reopening under Ohio R. App. P. 26(B), the exclusive method for raising such a claim. The Petition reveals that no such application has ever been filed. (Petition, ECF No. 1, PageID 3, Question 10: "Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court? Petitioner answered the question "No.") Ohio R. App. P. 26(B) requires that an application under that Rule be filed within ninety days of judgment in the court of appeals. The judgment in Fairrow's case was entered January 20, 2017, more than eighteen months ago, so Petitioner could not now file such an Application. Petitioner's asserted excusing cause, ineffective assistance of appellate counsel, is itself procedurally defaulted.

**Ground Two: Insufficiency of the Evidence**

In his Second Ground for Relief, Petitioner asserts the State presented insufficient evidence to convict him of the offenses with which he was charged. As the Report notes, the Second District Court of Appeals decided this claim on the merits. After enactment of the AEDPA in 1996, a federal habeas court is required to provide double deference on a sufficiency of the evidence claim, once to the jury's determination and once to that of the court of appeals (Report, ECF No. 2, at

PageID 22, citing *Coleman v. Johnson*, 566 U.S. 650, 651, (2012) (*per curiam*); *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009); *Parker v. Matthews*, 567 U.S. 37, 43 (2012) (*per curiam*); and *Davis v. Lafler,* 658 F.3d 525, 531 (6th Cir. 2011) (*en banc*).

The Second District recited the undisputed facts of the incident which show that whatever sort of neurologic incident Mr. Fairrow had suffered inside his residence, he then went outside, called out to the victim to come and talk to him, then chased her, pulled her to the ground, and choked her to the point that she was turning blue. Those facts, standing alone, would be sufficient to permit a jury to conclude that he acted knowingly, which is the required mental state for the offenses with which he was charged.

To overcome that inference, Fairrow presented the affirmative defense of insanity. He emphasizes in his Objections the testimony his experts gave, but admitted one of them, Dr. Smith, acknowledged that the kind of behavior in which Fairrow engaged would be rare during a post-ictal episode, which is apparently what Mr. Fairrow was suffering. The other defense witness, Dr. Conomy, noted that being attacked by a person in a post-ictal state "is a distinctly rare event." (Objections, ECF No. 6, PageID 38.) Although both defense experts gave ultimate conclusions supporting the not guilty by reason of insanity defense, the doctors testifying for the State contradicted that conclusion.

The burden of proof on an affirmative defense such as NGRI is on the defendant. Here expert testimony was presented on both sides and the ultimate question of credibility was for the jury, which convicted. The jury's conclusion that Fairrow knew what he was doing is supported by the common-sense inference that a person who calls to another person to come to him who then chases, pulls to the ground, and begins to choke the other person knows what he is doing is supported by the evidence the jury heard. The Second District's finding that there was sufficient

evidence is therefore an objectively reasonable application of *Jackson v. Virginia,* 443 U.S. 307 (1979), and *In re Winship*, 397 U.S. 358 (1970).

**Conclusion**

Having reconsidered the matter in light of the Objections, the Magistrate Judge recommends the Objections be overruled and again respectfully recommends the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

August 17, 2018.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).